IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JERAMY ALLERDISSEN,<br><br>    Plaintiff,<br><br>v.<br><br>CONSUMER COLLECTION MANAGEMENT, INC.,<br><br>    Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**COMES NOW** Plaintiff, Jeramy D. Allerdissen, by and through the undersigned counsel and for his Complaint for damages under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") against Defendant, Consumer Collection Management, Inc., alleges as follows:

### NATURE OF THE ACTION

1.  Plaintiff alleges Defendant's collection practices violate the FDCPA.

2.  Such collection practices include, *inter alia*, sending consumers written communication in an attempt to collect debts, which overshadow consumers' rights to validate, and dispute, such debts.

3.  The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. Congress, finding evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection

practices are not competitively disadvantaged, and to promote uniform State action to protect consumes against debt collection abuses. 15 U.S.C. § 1692(a)-(e).

4.   The FDCPA is a remedial statute drafted to protect consumers and "eliminate abusive debt collection practices by debt collectors." *Richmond v. Higgins*, 435 F.3d 825, 828 (8th Cir.2006).

5.   "Importantly, the question of whether the consumer actually owes the alleged debt has no bearing on FDCPA claims." *Royal Financial Group, LLC v. Teri Perkins*, Case No. ED98991 (MO Ct. App., E. Dist., Aug. 20, 2013), quoting *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992).

6.   "The FDCPA is a strict liability statute; proof of one violation is sufficient to support judgment for the consumer. *Royal Financial Group, LLC v. Teri Perkins*, Case No. ED98991 (MO Ct. App., E. Dist., Aug. 20, 2013), quoting *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990). "[D]ebt collectors are liable for failure to comply with any provision of the [FDCPA]." *Dunham v. Portfolio Recovery Assocs.*, 663 F.3d 997, 1000 (8th Cir. 2011).

7.   When evaluating whether a collection communication is false, deceptive, or misleading, courts must consider such communication from the perspective of an 'unsophisticated consumer'. *See Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002). The unsophisticated consumer standard "is designed to protect consumers of below average sophistication or intelligence without having the standard tied to the very last rung of the sophistication ladder." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004).

## JURISDICTION AND VENUE

8.   This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

9. Venue is proper in this District because part of the acts and transactions occurred within this District, Plaintiff resides within this District, and Defendant transacts substantial business within this District.

## PARTIES

10. Plaintiff, Jeramy D. Allerdissen (hereafter "Mr. Allerdissen" or "Plaintiff") is a natural person currently residing in St. Louis County, State of Missouri. Mr. Allerdissen is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

11. Defendant, Consumer Collection Management Inc., is a Missouri corporation with a mailing address of P.O. Box 1839, Maryland Heights, MO 63043 (hereinafter "CCM" or "Defendant").

12. Defendant conducts business in the State of Missouri and acts as a debt collector, as defined by §1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, defaulted consumer debts, including defaulted consumer debts in St. Louis County, Missouri. In fact, Defendant was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

## FACTS

13. All of Defendant's collection actions at issue occurred within one year of the date of this Complaint.

14. On or about November 26, 2018, an initial dunning letter was sent to Mr. Allerdissen (the "Initial Collection Letter") from CCM, purportedly on behalf of "ST LUKES HOSPITAL", seeking to collect an alleged debt in the amount of $1,153.37, account number XXXXXXX170 (the "Debt").

15. A true and accurate, redacted, copy of the Initial Collection Letter is attached as **Exhibit 1** and incorporated herein by this reference.

16. The Debt was incurred as a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

17. The front side of the Initial Collection Letter failed to include the entirety of the prerequisite notice of the rights to dispute the alleged debt, commonly known as the 1692g Notice or validation notice.

18. Pursuant to the FDCPA § 1692g,

> (a) …Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

19. Accordingly, pursuant to 15 U.S.C. § 1692g(a)(4), a debt collector must fully notify a debtor, per the disclosures outlined in Section 1692g, that in order for a debtor to trigger their

rights to obtain verification of the subject debt, the debtor must notify the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed.

20. The Initial Collection Letter sent by Defendant failed to comply with the aforementioned requirement in that the validation notice on the front of the Initial Collection Letter expressly omitted the mandatory disclosures of § 1692g(4) in stating:

> "[i]f you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification (the "Validation Notice").

21. The insufficient and statutorily-deficient Validation Notice on the front of the letter was an attempt to mislead and deceive, or otherwise obfuscate from, the Plaintiff regarding his right to notify Defendant of his right to dispute the entirety or any portion of the debt in order to obtain verification of the Debt, rending it false, misleading, and/or deceptive, thereby violating the FDCPA.

22. Defendant's Initial Collection Letter demanded that Plaintiff remit payment for the Debt to Defendant ("Payment Demand"), with such Payment Demand being made immediately prior to Defendant's statutorily-deficient Validation Notice, but contained no transition language indicating to Plaintiff that such demand for payment from Defendant is subject Plaintiff's rights under applicable law, including without limitation Plaintiff's rights under 15 U.S.C. §1692g, thereby overshadowing Plaintiff's rights to dispute and otherwise seek verification of the Debt.

23. Even if Defendant's Validation Notice had complied with Section 1692g, in order to prevent overshadowing of Plaintiff's rights, Defendant should have included necessary transition language to avoid misleading and/or confusing the unsophisticated consumer.

24. Upon information and belief, the Initial Collection Letter is a form letter.

25. Upon information and belief, Defendant makes a pattern and practice of providing statutorily deficient Validation Notices, as well as overshadowing a consumer's dispute rights in

an effort to mislead, confuse, and/or deceive a consumer with respect to their rights to dispute the debt, in part or in its entirety, in an effort to trick a consumer into paying a debt they would normally dispute.

26. Defendant's Initial Collection Letter states, in the relevant part, "Consumer Collection Management is a collection agency for the above referenced client." Such language is false, as there is no reference to a "client" in the Initial Collection Letter.

27. Defendant's Initial Collection Letter contained several bar codes and/or QR codes as well as account numbers that, upon information and belief, contained sensitive and identifying information of Plaintiff, and were positioned next to the name and address of Plaintiff in a manner that such were visible through the glassine window of the envelope sent to Plaintiff by mail.

28. Mr. Allerdissen had to spend time, and had to hire counsel, to investigate Defendant's Initial Collection Letter.

## COUNT I: Violation Of § 1692g of the FDCPA

29. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

30. 15 U.S.C. § 1692g(a) sets forth the Validation Notice requirements incumbent on debt collectors.

31. Defendant's Collection Letter failed to contain the full, prerequisite Validation Notice providing Mr. Allerdissen with notice of his rights to dispute the alleged debt, or any portion thereof, pursuant to 15 U.S.C. § 1692g.

32. Section 1692g of the FDCPA further prohibits any collection activities and communication during the 30-day period from overshadowing the disclosure of the consumer's rights. *See* 15 U.S.C. § 1692g(b).

33. Defendant's Payment Demand, absent appropriate and contextually necessary transition language, overshadowed the Defendant's Validation Notice to the Plaintiff.

34. Defendant's violations of § 1692g of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See,* 15 U.S.C. § 1692k.

## COUNT II: Violation Of § 1692e of the FDCPA

35. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

36. Section 1692e of the FDCPA prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, and underscores the general application of such prohibition.

37. §1692e of the FDCPA provides,

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
> …

38. The statutorily deficient Validation Notice in Defendant's Initial Collection Letter, coupled with the Payment Demand and lack of any Transition Language, are intended to mislead the least sophisticated consumer regarding the availability of dispute and verification rights for a purported debt.

39. An unsophisticated consumer would be confused and misled by Defendant's Validation Notice and Payment Demand, as well as by the absence of transition language, as detailed above, in Defendant's Initial Collection Letter.

40. Defendant's Initial Collection Letter lists a purported creditor, and then refers to Defendant working on behalf of a so-called client, without direct identification of such client,

thereby obfuscating the relationship between Defendant and the purported creditor and rendering such representation false and/or misleading, in violation of Section 1692e.

41. Defendant's violation of §1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See,* 15 U.S.C. § 1692k.

### COUNT III: Violation Of §1692f Of The FDCPA

42. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

43. Section 1692f of the FDCPA provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt", and underscores "the general application of" such prohibition.

44. In violating §1692g(a-b) of the FDCPA, as detailed in Count I, herein, Defendant has implicitly also violated §1692f of the FDCPA by virtue of the unfair, overshadowing practices alleged therein.

45. Moreover, Defendant's Payment Demand, when coupled with the lack of any Transition Language and an insufficient Validation Notice, underscore the unfair patterns and practices that, upon information and belief, Defendant engages in to overshadow the dispute rights of unsophisticated consumers like Mr. Allerdissen. Such pattern and practices by Defendant are unfair or unconscionable, in violation of 15 U.S.C. § 1692f.

46. Defendant's conduct in structuring its communications to Mr. Allerdissen thusly has a coercive effect designed to pressure individuals like Mr. Allerdissen into sending money quickly, thereby overshadowing consumer dispute rights. Such acts, and Defendant's conduct in totality, as more fully stated herein, constitutes unfair and unconscionable acts by Defendant, in violation of 15 U.S.C. § 169f.

Case: 4:19-cv-03158-JMB   Doc. #:  1   Filed: 11/26/19   Page: 9 of 12 PageID #: 9

47. Defendant's violation of §1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See,* 15 U.S.C. § 1692k.

### COUNT IV: Violation Of §1692f(8) Of The FDCPA

48. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

49. Section 1692f of the FDCPA provides,

"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
...
(8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business."

50. Defendant's Initial Collection Letter contained several bar codes and/or QR codes as well as account numbers that, upon information and belief, contained sensitive and identifying information of Plaintiff, and were positioned next to the name and address of Plaintiff in a manner that such were visible through the glassine window of the envelope sent to Plaintiff by mail.

51. Upon information and belief, Defendant's layout and structuring of its Initial Collection Letter in such a manner exposed, to any third party with a readily-available QR code scanner, the fact that the Initial Collection Letter came from a debt collector or contained information regarding Plaintiff's alleged account with the Defendant, in violation of Section 1692f(8).

52. Defendant's violation of §1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. *See,* 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, Jeramy Allerdissen, prays that this Court declare that Defendant's debt collection actions violate the FDCPA and enter judgment in favor of Plaintiff Jeramy Allerdissen, and against Defendant, for:

1. statutory damages,
2. reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and
3. other relief this Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all Counts so triable.

Dated: November 26, 2019

Respectfully Submitted,

**THE LAW OFFICE OF BORIS E. GRAYPEL, LLC**

/s/ Boris E. Graypel
By: Boris E. Graypel, #68529MO
555 Washington Ave., Suite 310
St. Louis, MO 63101
Phone: (314) 300-9590
Fax: (314) 754-9305
E-mail: bgraypel@gmail.com

*Attorney for Plaintiff*

# EXHIBIT 1

P O BOX 1839  
MARYLAND HEIGHTS, MO 63043-1839  
11/26/2018



CONSUMER COLLECTION MANAGEMENT INC.  
P O BOX 1839  
MARYLAND HEIGHTS, MO 63043-1839  
(314) 513-0122  
TOLL FREE (800) 325-6611



JERAMY D ALLERDISSEN -

**CREDITOR**    **ACCOUNT #**    **AMOUNT DUE**

ST LUKES HOSPITAL           ▮▮▮▮170              $1,153.37

This account has been listed with our office for collection.

This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

Consumer Collection Management is a collection agency for the above referenced client.

Remit the bottom portion of this notice with your check or money order. We also accept payment by means of direct check.

**Important Message**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request from this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

☐ Please check box if above address is incorrect or if insurance information has changed and indicate change(s) on reverse side

You may pay this bill  
Online at www.consumercollection.com  
By phone at (800) 325-6611 or (314) 513-0122



JERAMY D ALLERDISSEN -

**CHECK CARD USING FOR PAYMENT**

| MASTERCARD ☐ | VISA ☐ |
|---|---|
| CARD NUMBER | CVV2 CODE |
| SIGNATURE | EXP. DATE |
| CARDHOLDER'S NAME | |
| ACCOUNT NUMBER ▮▮83 | TOTAL DUE $1,153.37 |
| HOME PHONE | |
| WORK PHONE | |

CONSUMER COLLECTION MANAGEMENT INC.  
P O BOX 1839  
MARYLAND HEIGHTS, MO 63043-1839

L01